QUINTANA ET AL., PETITIONERS AND APPELLANTS, *v.* APONTE, MUNICIPAL JUDGE, RESPONDENT AND APPELLEE (CENTENO. INTERVENOR).

APPEAL from the District Court of Guayama in Certiorari Proceedings.

No. 1704.—Decided March 6, 1918.

SUMMONS—PROCESS SERVER—RETURN—AMENDMENT NUNC PRO TUNC—JURISDICTION.—When, as in the present case, the return of the service of a summons made by a private person does not state that such person was over eighteen

years of age and it is not sought to amend the return *nunc pro tunc* in order to supply the omission, nor contended in any of the proceedings opposing the objection to the summons that the process server was really over eighteen years of age, it cannot be held that the court acquired jurisdiction over the person of the defendant.

The facts are stated in the opinion.

*Messrs. C. Domínguez Rubio* and *Francisco Navarro Ortiz* for the appellants.

*Mr. M. A. Martínez Dávila* for the appellee.

*Mr. M. Guzmán Texidor* for the intervenor.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Guayama denying a petition for a writ of certiorari.

It appears from the transcript of the record that Lorenzo Camuñas brought an action of debt against Jesús Centeno in the Municipal Court of Cayey. The complaint having been filed, a summons was issued on October 10, 1908. The return on the said summons reads literally as follows:

"MARSHAL'S RETURN.—I certify that I received this summons on October 11, 1908, at 8 A. M., and that on October 15, 1908, I served the same personally on Jesús Centeno, the defendant named in the said summons, by delivering to and leaving with said defendant personally in this town a copy of said summons together with a true and exact copy of the complaint in the action mentioned in said summons.

"Dated this ninth day of November, 1908. Signed by J. R. Vázquez, commissioned to make the service.

"Sworn to before me this ninth day of November, 1908. Joaquín Colón."

On November 9, 1908, the plaintiff moved that the default of the defendant be entered and on the thirteenth of the same month and year moved that judgment be entered against said defendant. The court sustained the motions and on February 9, 1909, a property of eight acres of land belonging to the defendant was sold at auction in execution of the judgment.

Several years passed and on April 13, 1917, the defendant

filed a motion in the said Municipal Court of Cayey praying that the default judgment rendered against him be set aside on the ground that the summons was not served by the marshal but by another person, and that said person failed to swear to the return as required by law in such cases; for which reason the court did not acquire jurisdiction over the person of the defendant.

The court set a day for hearing the motion and ordered that the parties be cited to appear. On the day set only the defendant appeared and argued his motion. The court took the case under consideration and on April 24, 1917, the court set aside the default judgment rendered by it on November 13, 1908, and annulled the sale of the property of the defendant, without special imposition of costs, basing its ruling on section 92 of the Code of Civil Procedure and the decisions of this court in the cases of *Andino* v. *Knight,* 20 P. R. R. 185, and *Torres & Enseñat* v. *Alfaro,* 24 P. R. R. 683.

Pedro Quintana Vázquez and Nazaria Ortiz Collazo then petitioned the District Court of Guayama for a writ of certiorari to review the proceeding in the Municipal Court of Cayey and to set aside the said order of April 24, 1917. The petitioners were the owners of the property sold at auction and were made defendants in an action of ejectment brought by Jesús Centeno against the then owner of the property.

The writ having issued, the court heard the interested parties and on June 21, 1917, disposed of the case by dismissing the petition. The district court said:

"The return endorsed on the summons on November 9, 1908, shows that it does not conform to the requirements of the Code of Civil Procedure in force at that time, for it does not state (*a*) that the server of the summons was more than eighteen years of age; (*b*) that he had no interest in and was not a party to the action: (*c*) the affidavit does not conform to the requirements of section 3 of the act of March 12, 1908, relating to affidavits; (*d*) it does not appear on the face of the affidavit that it was made before an officer authorized to administer oaths, for although it bears the signature of Joaquín Colón it does not state what office he was holding; (*e*)

said affidavit was not signed in the presence of the official who administered the oath.''

The appellants admit that the return on the summons is defective, but contend that the defects are mere irregularities and cannot serve as a ground for setting aside the judgment of the Municipal Court of Cayey, in view of the time that has elapsed.

The question to be considered and decided is whether or not the judgment roll shows that the municipal court acquired jurisdiction over the person of the defendant. We shall confine our inquiry to the first of the defects assigned.

The service was not made by the marshal. This is admitted. This being the case, the service can be made only by a person having the qualifications expressly prescribed by the law. One of those qualifications is that such person shall be over eighteen years of age. The return does not show that he was. No *nunc pro tunc* amendment of the said return has been asked for in order to show this. *Woodward v. Brown,* 119 Cal. 299. At the hearing on the defendant's motion to set aside the judgment of the municipal court the defendant failed to appear. And in no part of the petition for the writ of certiorari is it contended that the server of the summons was really over eighteen years of age. Under such circumstances can it be held that the court acquired jurisdiction over the defendant? In our opinion the answer must be in the negative.

For this reason and considering further the other defects assigned, whatever their nature may be, and the jurisprudence laid down by this court in the cases of *Andino* v. *Knight,* 20 P. R. R. 185; *Torres & Enseñat* v. *Alfaro,* 24 P. R. R. 683, and *Serrano* v. *Berdiel et al.,* 22 P. R. R. 416, the judgment appealed from must be

*Affirmed.*

Justices Wolf and Hutchison concurred.

Chief Justice Hernández and Justice Aldrey took no part in the decision of this case.